MALLARD *v.* STATE.

(Division A.   Dec. 2, 1935.)

[164 So. 405.   No. 31915.]

W. I. Munn, of Newton, for appellant.

232

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Smith, C. J.,** delivered the opinion of the court.

The appellant was indicted for murder and convicted of manslaughter. She made a motion for a new trial, one of the grounds of which is newly discovered evidence. Two of the witnesses who would testify to this evidence lived in other states; one of them, however, by the name of Nichols, lived within the jurisdiction of the court. The motion should have been sustained, provided the evidence of Nichols was not cumulative.

The deceased was the appellant's husband, and on the occasion in question they were at, or near, a pressing shop in the town of Newton. According to the evidence for the state, they came together from behind the pressing shop, walking apparently toward their home, which was a short distance away. The appellant was trying to persuade her husband to go home with her. This he declined to do and stopped walking, whereupon the appellant stabbed him with a knife. According to the state's evidence, the deceased was unarmed, and had his hands down by the side of him when he was stabbed.

The appellant testified that the deceased was drunk and she was trying to persuade him to go home before he was unable to walk further; that while they were behind the pressing shop and while she was trying to get him home, he said to her, ''go on and leave me alone, or I will stab your damned heart out,'' whereupon he took a knife from his pocket and opened it. The appellant then took a knife from her purse and opened it. When they reached the front of the pressing shop, according to the appellant, both of them still had their knives in their hands, she again insisted on his going home, and she did not stab him until he cut at her with his knife, whereupon she stabbed him to prevent him from killing her. She is corroborated by other witnesses to the extent that the deceased was drunk, and one of her witnesses said that he heard the deceased, when behind the pressing shop, tell

her "he would stick a knife in her." She alone testified that the deceased had a knife.

Nichols, had he been present, would have testified that he was near the deceased and the appellant when they were behind the pressing shop, "that he saw Otho Mallard (the deceased) with a pocket knife in his right hand and that he heard the deceased tell the defendant that he would stick his knife in her, and then the defendant and the deceased walked from where they were . . . the deceased holding his knife in his right hand." They then passed out of his view.

This evidence, of course, is material, and that the deceased had a knife in his hand appeared on the trial only in the testimony of the defendant herself, whose interest in the verdict was great. When such is the case, some of the courts hold that the rule denying a new trial for newly discovered cumulative evidence does not apply, but there is authority to the contrary. 46 C. J. 278, note 74(a). That the rule should not apply in such cases seems to accord with both reason and justice, and therefore it will not be applied here.

Reversed and remanded.